No. 11,627.

HARTMAN *v.* THE PEOPLE.

Decided December 13, 1926.

Plaintiff in error was convicted of keeping a gambling room.

*Affirmed.*

*On Application for Supersedeas.*

1.  APPEAL AND ERROR—*Sufficiency of Evidence.* The contention that the evidence is insufficient to sustain a conviction of keeping a gambling room, overruled.

2.  CRIMINAL LAW—*Statutes.* Section 6867, C. L., does not provide an exclusive mode of procedure against gambling.

3.  *County Courts—Jurisdiction.* The jurisdiction of county courts in cases of misdemeanor, under section 5781, C. L., is all inclusive.

*Error to the County Court of Logan County, Hon. H. Lawrence Hinkley, Judge.*

Mr. T. E. MUNSON, for plaintiff in error.

Mr. WILLIAM L. BOATRIGHT, Attorney General, Mr. LOUIS W. BURFORD, Assistant, for the people.

*Department Two.*

MR. JUSTICE WHITFORD delivered the opinion of the court.

PLAINTIFF in error was convicted upon information, in the county court of Logan county, of keeping a room and building to be used for gambling, and was sentenced to

pay a fine of thirty dollars. From this judgment she prosecutes a writ of error to this court and prays for a supersedeas.

We have carefully read all of the testimony in the record, and after doing so are entirely satisfied that the contention of the plaintiff in error that the evidence is insufficient to sustain the verdict cannot be sustained.

The contention that section 6867, C. L. 1921, provides an exclusive mode of procedure in the district court against gambling is without merit. When section 6867 was enacted, the district court possessed exclusive jurisdiction of all criminal offenses, except those cognizable by justices of the peace. Section 23 of article VI of the Constitution provides that the county court shall have original jurisdiction "in all matters of probate * * * and such other civil and criminal jurisdiction as may be conferred by law." In 1889 the General Assembly enacted section 5781, C. L. 1921, as follows: "Original jurisdiction is hereby conferred upon the county courts in each of the several counties of this state, in cases of misdemeanor, and such courts shall hereafter be empowered to try such cases upon information by the district attorney of the district in which such counties are situated."

The jurisdiction of the county court in cases of misdemeanor under this section of the statute is all inclusive.

We find no prejudicial error in the record, and the supersedeas is therefore denied and the judgment affirmed.

MR. JUSTICE BURKE, acting as chief justice, and MR. JUSTICE DENISON concur.